**TRUEX, Plaintiff-Appellant, v. NEW YORK CENTRAL RAILROAD, a Corporation, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5642.   Decided January 28, 1958.

Chamblin, Morgan & Hunsinger, David E. Morgan, of Counsel, Columbus, for plaintiff-appellant.

Wilson & Rector, Richard T. Rector, of Counsel, Columbus, for defendant-appellee.

## OPINION

By PETREE, PJ.

This is a law appeal, and the assignment of error is as follows:

"The Court erred in directing a verdict in favor of Defendant at the close of Plaintiff's case."

Plaintiff, appellant herein, brought suit in the Common Pleas Court of Franklin County for personal injuries and damages to his motor vehicle arising out of a grade-crossing accident where the lines of the defendant, appellee herein, cross Hamilton Road in the eastern part of Franklin County. At the conclusion of appellant's evidence, the trial court granted the motion of the railroad company for a directed verdict in its favor, upon the ground that the contributory negligence of Truex had been established as a matter of law.

It is not disputed that the intersection at the time of the accident on March 31, 1953, did not contain automatic flasher lights nor bells. There were the usual stationary signs indicating that there was a railroad crossing at this location. Appellant had been over the road before and knew of the existence of the crossing.

The evidence of the appellant is to the effect that it was daylight at the time of the accident; that he had been traveling forty to forty-five miles per hour prior to coming to the railroad tracks; that as he approached the crossing, he was reducing speed to, roughly, fifteen to twenty miles per hour; that he heard no whistle nor bell from the approaching train; that his view was obstructed by a number of box cars which were standing on the south track beginning at approximately one hundred feet west of the intersection and extending several hundred feet west of that point; that his view was obstructed in such a manner that he could not see the approaching train until he was on the tracks; and that the train was moving pretty fast, the speed estimated by appellant at one time at sixty miles per hour.

The evidence showed that the two rails of the south track were a little under five feet apart and that there was a distance of seven feet between the north rail of the south track and the south rail of the track on which the train was proceeding.

Since the accident occurred outside of a municipal corporation, the evidence does not raise the presumption that the plaintiff was exceeding any speed limit on Hamilton Road at the time of the accident.

In view of the appellant's evidence that he did not hear any signals nor bells and that he did not see the train until he was at or on the tracks due to the obstruction of a string of box cars on the south track, the appellant cannot be said to be guilty of negligence as a matter of law in attempting to get on across the tracks when the train came into his view approximately one hundred feet away. This is clearly a case for the jury under the ruling of the Supreme Court of Ohio in **The Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Kuhl, Admx., 123 Oh St 552**, where the court used the following language in the syllabus:

"In an action for personal injuries arising out of a collision between an automobile and a backing engine at an intersection of a railroad and a highway, where the record tends to show that the view of such railroad crossing at certain points approaching the crossing is obstructed, and the record presents no evidence tending to show that a traveler in such automobile upon the highway did not look and listen for the train, the question of contributory negligence becomes one of fact for the jury."

We find that the court erred in directing a verdict whereas under the

state of the record, the matter should have been submitted to the jury. The cause will, therefore, be remanded to the Common Pleas Court for a new trial.

Judgment reversed.

BRYANT and MILLER, JJ, concur.