TRUEX, APPELLANT, *v.* NEW YORK CENTRAL RAILROAD CO., APPELLEE.*

(No. 6189—Decided April 19, 1960.)

*Motion to certify the record overruled, November 2, 1960.

*Messrs. Chamblin, Morgan & Hunsinger,* for appellant.
*Messrs. Wilson & Rector,* for appellee.

CRAWFORD, J.   Plaintiff, appellant herein, seeks to recover for personal injuries sustained in a collision between the automobile he was driving and a train of defendant, appellee herein, at a crossing on Hamilton Road in Franklin County.

This case was previously tried and the Court of Common Pleas directed a verdict for the defendant. The judgment rendered thereon was reversed and the cause remanded for a new trial. At the first effort to retry the case a mistrial was declared and a new trial ordered for reasons not pertinent here.

The case was again tried. A verdict was returned and judgment rendered for plaintiff in the sum of $44,200, the amount prayed for. But the court sustained motions for judgment notwithstanding the verdict and for a new trial, in accordance with the procedure outlined in Section 2323.181, Revised Code. The entering of that judgment and the conditional granting of a new trial are the basis of the first and second assignments of error respectively.

The judgment notwithstanding the verdict was rendered upon a finding that plaintiff was guilty of contributory negligence as a matter of law.

According to the evidence, the plaintiff was proceeding northwardly on Hamilton Road over defendant's double set of tracks. The train was traveling eastwardly on the north track.

The regular Court of Appeals of the Tenth Appellate District, in reversing the earlier judgment for the defendant, entered upon a directed verdict (*Truex* v. *New York Central Rd. Co.,* 106 Ohio App., 367), said:

"It is not disputed that the intersection at the time of the accident on March 31, 1953, did not contain automatic flasher lights or bells. There were the usual stationary signs indicating that there was a railroad crossing at this location. Plaintiff had been over the road before and knew of the existence of the crossing.

"The evidence of the plaintiff is to the effect that it was daylight at the time of the accident; that he had been traveling

40 to 45 miles per hour prior to coming to the railroad tracks; that, as he approached the crossing, he was reducing speed to, roughly, 15 to 20 miles per hour; that he heard no whistle or bell from the approaching train; that his view was obstructed by a number of boxcars which were standing on the south track from a point at approximately 100 feet west of the intersection to several hundred feet west of that point; that his view was obstructed in such a manner that he could not see the approaching train until he was on the tracks; and that the train was moving pretty fast, the speed at one time being estimated by plaintiff to have been 60 miles per hour.

"The evidence shows that the two rails of the south track were a little under five feet apart, and that there was a distance of seven feet between the north rail of the south track and the south rail of the track on which the train was proceeding.

"Since the accident occurred outside a municipal corporation, the evidence does not raise the presumption that the plaintiff was exceeding any speed limit on Hamilton Road at the time of the accident.

"In view of the plaintiff's evidence that he did not hear any signals or bells, and that he did not see the train until he was at or on the tracks due to the obstruction of a string of boxcars on the south track, he cannot be said to have been negligent as a matter of law in attempting to get on across the tracks when the train came into his view approximately 100 feet away. This is clearly a case for the jury under the ruling of the Supreme Court of Ohio in *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Kuhl, Admx.*, 123 Ohio St., 552, 176 N. E., 222 * * *."

A two-fold challenge is made to the applicability of that decision in the present appeal. The first is that the evidence was not the same in the two trials. But, bearing in mind the requirement that the evidence be construed most favorably to the plaintiff, against whom the motions were made, we find that the summary of the principal facts as contained in the quotation above is equally appropriate in the present appeal, with one exception. That exception is that plaintiff has now testified that the train came into view approximately 50 feet away; whereas at the first trial he had testified it was approximately 100 feet.

This later estimate of approximately 50 feet was elicited upon cross-examination after considerable insistence and after several previous responses indicating the witness's inability to estimate the distance in feet. Hence, at best, this ultimate response must be considered a very rough estimate. Defendant argues strenuously that so short a distance indicates failure of plaintiff to look effectively at a proper time and place, as the law requires. Plaintiff testified that he continued to look for trains, traffic, etc., from the time he arrived within approximately 250 feet of the tracks.

We are disposed to agree with the reasoning and conclusion of the court in the earlier appeal. To arrive at a different conclusion now on the basis largely of this narrow variation in rough estimates would, it seems to us, be drawing the line entirely too fine.

The trial judge made a painstaking mathematical analysis in arriving at his conclusion. The danger involved in such a method is that the evidence so seldom is as precise as the analysis because it usually includes opinion, estimates and other variables. The present record is not free from such elements. The precision of the court's reasoning cannot overcome imprecision in the facts.

Purely as illustrative of the unreliability of such methods of reasoning, we would refer to a point in defendant's brief, which is not, however, embodied in the trial court's decision. Plaintiff, in his testimony, had used the common expression, "half a minute." Taking this as the precise mathematical equivalent of 30 seconds of time, the brief proceeded to make scientific findings as to what events would have occurred during that interval. The results were somewhat absurd. It was argued that, therefore, plaintiff's version of the facts involved was impossible.

The second challenge to the applicability of the decision in the first cause is that the authority relied upon is not in point. That authority was *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Kuhl, Admx.*, 123 Ohio St., 552, 176 N. E., 222. The syllabus in that case reads:

"In an action for personal injuries arising out of a collision between an automobile and a backing engine at an intersection

of a railroad and a highway, where the record tends to show that the view of such railroad crossing at certain points approaching the crossing is obstructed, and the record presents no evidence tending to show that a traveler in such automobile upon the highway did not look and listen for the train, the question of contributory negligence becomes one of fact for the jury.''

It is argued that in the instant case plaintiff could have seen the train before he was on the tracks, and did not see it when he first could have seen it, and that these circumstances constitute evidence that he did not look.

This argument requires an inference based upon defendant's version of the facts. Unless the facts are so clearly established as to overcome plaintiff's testimony that he looked continuously, he cannot be held to be guilty of contributory negligence as a matter of law.

The second assignment of error is the granting of defendant's motion for a new trial. Such a decision rests in the sound discretion of the trial court. The question for our determination is not whether we agree with the view of the trial court that the verdict was contrary to the manifest weight of the evidence, but only whether there was any abuse of discretion in granting a new trial. 3 Ohio Jurisprudence (2d), 770, Appellate Review, Section 796. We find no such abuse of discretion here.

The second assignment of error is, in our opinion, not well taken.

The third assignment of error was the sustaining of an objection to the cross-examination of defendant's engineer. He was asked: ''* * * have you ever been cited by the railroad or any authorities for a speed violation?'' Although an objection was made and sustained, the witness answered, ''No.'' He was then asked: ''Mr. Stauffer, have you ever been cited for failure to blow a whistle?'' An objection was sustained and no was answer given.

Such questions are at least as incompetent as are inquiries whether a witness has ever been arrested, without reference to whether or not he has been convicted.

The witness's answer to the first objectionable question

was not, in our opinion, sufficiently important to render further examination permissible.

In any event, the most that could have been granted if plaintiff had prevailed under this assignment of error would have been a new trial, which is already being afforded him.

We find no error prejudicial to the plaintiff in the third assignment of error.

But in considering the first assignment, we consider there is error prejudicial to the plaintiff in finding him contributorily negligent as a matter of law.

The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*

WISEMAN and KERNS, JJ., concur.

WISEMAN, P. J., CRAWFORD and KERNS, JJ., of the second Appellate District, sitting by designation in the Tenth Appellate District.